**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
12636 High Bluff Dr., Suite 400
San Diego, California 92130
Phone: (760) 806-4388

Attorneys for Plaintiffs,
SANDRA NOBLE and
ALBERT NOBLE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA NOBLE, an individual; ALBERT NOBLE, an individual.<br>Plaintiffs,<br>VS.<br><br>SANDALS RESORTS INTERNATIONAL, LTD; a Jamaican company; SANDALS SOUTH COAST, a subsidiary company of Sandals Resorts International; and DOES 1 through 50, inclusive,<br>Defendants. | Case No.: **22-cv-0011-CAB-AHG**<br><br>**COMPLAINT FOR:**<br><br>1. **PREMISES LIABILITY**<br>2. **NEGLIGENCE** |

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

**COME NOW,** Plaintiffs SANDRA NOBLE; and ALBERT NOBLE (collectively "Plaintiffs"); by and through their attorneys of record, and through this Complaint bring an action for damages against Defendants SANDALS RESORTS INTERNATIONAL, LTD, a Jamaican company; SANDALS SOUTH COAST, a subsidiary of SANDALS RESORTS INTERNATIONAL, LTD; and DOES 1 through 50 as follows:

///

-1-

**COMPLAINT FOR DAMAGES**

## PARTIES AND PRELIMINARY ALLEGATIONS

1) Plaintiff **SANDRA NOBLE**, (herein "Sandra") brings this action individually. Sandra is, and at all relevant times has been, a citizen of the San Diego County, State of California, United States of America. Sandra is the wife of Co-Plaintiff ALBERT NOBLE.

2) Plaintiff **ALBERT NOBLE**, (herein "Albert") brings this action individually. Albert is, and at all relevant times has been a citizen of the San Diego County, State of California, United States of America. Albert is the husband of Co-Plaintiff SANDRA NOBLE.

3) Plaintiffs are informed and believe, and thereon allege, that Defendant **SANDALS RESORTS INTERNATIONAL, LTD** (referred to herein as "SRI") is, and at all relevant times has been, a parent company of numerous resorts including but not limited to approximately sixteen (16) Sandals Resorts, three (3) Beaches Resorts, one (1) Fowl Cay Resort and four (4) private villas all located in the Caribbean. SRI was founded by Gordon Stewart in 1981 and based in Montego Bay, Jamaica. SRI currently holds a corporate office in Miami, Florida, United States of America with address commonly known as 4950 Southwest 72nd Avenue, Miami, Florida 33155. SRI maintains a website with domain name "https://www.sandals.com" which is used to solicit business and provide online booking for individuals residing all around the world including, but not limited to, California, United States of America. At all relevant times herein, SRI has engaged in substantial contacts with the United States of America, including California, by extending its website and other digital and tangible materials to further its business operations and provide appealing advertising for its luxury lodging for consumers. SRI's headquarters is located at address commonly known as 5 Kent Ave., Montego Bay, St. James Jamaica.

4) Plaintiffs are informed and believe, and thereon allege, that Defendant SANDALS SOUTH COAST (herein the "Resort") is a subsidiary owned and operated by SRI

and is the location where Plaintiffs stayed as guests when the injuries they sustained occurred, as stated in more detail below. The Resort is, and has been, at all times stated herein a luxury vacation resort located in Jamaica with address commonly known as P.O. Box 5000, Whitehouse, Jamaica.

5) The true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and when the same have been ascertained, the Court will be asked to insert the same by amendment. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE Defendants was legally responsible in some manner for the events and happenings herein referred to and caused the injuries and damages to Plaintiffs as herein alleged.

6) At all times herein mentioned, Defendants SANDALS RESORTS INTERNATIONAL, LTD; SANDALS SOUTH COAST; and Does 1 through 50, inclusive (hereafter collectively referred to as "Defendants"), and each of them, were the agents, servants, or employees of any co-defendants, and acting within the scope and course of said agency and/or with the permission and consent of said co-defendants.

7) Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, parents, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendants.

## JURISDICTION AND VENUE

8) This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between Plaintiffs (all of whom are residents and citizens of California) and Defendants SRI (a Jamaican based organization with a corporate office located in Miami, Florida, United States

**COMPLAINT FOR DAMAGES**

of America) and the Resort (a Jamaican luxury resort which maintains a principal place of business at P.O. Box 5000, Whitehouse, Jamaica).

9) This Court has general (unlimited) personal jurisdiction over Defendants because Defendants have substantial commercial related contacts with California and the United States through solicitations, digital and tangible advertising, as well as a corporate office located in Miami, Florida so as to not offend any notion of fair play and substantial justice. Defendants' commercial activities in soliciting California residents to purchase rooms, villas and activities through a website accessible by Californians amounts to substantial, continuous and systematic contacts with California as to permit unlimited jurisdiction. (*Perkins v. Benguet Consol. Mining Co.*, (1952) 342 U.S. 437, 446-447; See also, *Vons Cos., Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 446). Therefore, Defendants have sufficient minimum contacts with this state, and otherwise purposefully availed themselves/itself of this state so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10) This Court has specific (limited) personal jurisdiction over Defendants because Defendants purposefully availed themselves to the forum state in the Southern District of California as it foresaw being sued in the Southern District of California based on its substantial and continuous solicitation of business in this forum state. Defendants' solicitation of Plaintiffs' business in California ultimately and proximately resulted in Plaintiffs' injuries that occurred at the Resort. Finally, this Court's exercise of personal jurisdiction is reasonable as this state has a substantial interest in its citizens safety from foreign entities that solicit business from California citizens. Personal jurisdiction over Defendants does not offend any notion of fair play and substantial justice. Therefore, Defendants have sufficient minimum contacts with this state, and otherwise purposefully availed themselves/itself of this state so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11) Venue is proper in this District pursuant to 28 U.S.C. § 1332 because it is a transnational case; and further pursuant to 28 U.S.C. § 1391 for the following reasons: (a) it is the forum most convenient to all parties and witnesses, and a District chosen by Plaintiffs where Defendants SRI and the Resort are subject to personal jurisdiction; (b) Defendants maintain substantial, continuous and systematic contacts with this District as set forth above; and (c) SRI maintains a corporate office within the United States of America in Miami, Florida for purposes of providing advertisement and soliciting United Sates Citizen's business, including Plaintiffs'.

## INTRODUCTION

12) On or about August 27, 2021, Plaintiffs arrived at the Resort intending to have a leisurely vacationing at the Resort. Plaintiffs rented a hotel room at the Resort, however, on August 28, 2021 at approximately 4:30 p.m., Sandra stepped out of her bed and slipped on the wet tile floor and hit her head on the adjacent table near the bed causing a gash on her head which required multiple stitches. In an attempt to help Sandra, Albert walked to the restroom to get a towel, however, Albert also slipped on the wet tile floor and broke his ankle.

13) At the time of the incident, the Resort hotel room contained a central air conditioning unit that leaked water caused moisture to accumulate within the room and upon the tile floor causing the tile floor to become a slip hazard for guests, including Plaintiffs.

14) Defendants failed to maintain the premises in a manner that would prevent guests from slipping on wet tile floor. The leak from the air conditioning unit caused a hazardous condition for guests and people who walked on the tile floor. Defendants failed to properly maintain, repair, remedy and cure the hazardous condition despite having knowledge of the hazard that the leaking air conditioning unit and tile floor posed to the public.

15) Defendants, and each of them, failed to inspect, repair, or warn the public of the hazardous conditions of the air conditioning unit and wet floor which has now caused Plaintiffs to trip and fall on the wet tile floor and sustain severe injuries. Defendants were placed on notice, and were in fact aware, of the hazardous condition but did nothing to warn Plaintiffs or remedy the hazard. There were no caution signs, or any warnings that the air conditioning unit was defective and caused the tile to be wet. These acts and omissions created an unreasonable risk of harm to Plaintiffs and other guests at Defendants' Resort.

### FIRST CAUSE OF ACTION: PREMISES LIABILITY
### (As Against All Defendants and DOES 1 through 50)

16) Plaintiffs incorporates herein Paragraphs 1 through 15 of their Preliminary Allegations as though fully set forth at this point.

17) Plaintiffs are informed and believe, and thereon allege, that on or about August 28, 2021, at about 4:30 pm, Defendants, and DOES 1 through 50, so unlawfully owned, maintained, managed, and controlled said premises as to cause the incident and directly and proximately cause the damages to Plaintiffs as herein set forth.

18) Defendants and DOES 1 through 50 owed a duty to Plaintiffs and the public to ensure that its hotel rooms and premises do not pose an unreasonable danger to its guests. Defendants owed a duty to Plaintiffs and the public to ensure that its resort and premises be safe for public access and use.

19) Defendants and DOES 1 through 50 breached their duty owed to Plaintiffs and the public by failing to inspect, warn, cure or prevent the air conditioning unit from leaking water and causing the tile floor from becoming a slip hazard. They failed to properly maintain and secure their property which caused the ground to be wet causing both Plaintiffs to slip and sustain severe injuries. Defendants breached

their duty owed to Plaintiffs and the public by failing to provide a safe premises for Plaintiffs and its guests.

20) As a direct and proximate result of Defendants' negligence, and each of them, Plaintiffs slipped and fell on the wet tile in their resort room and were hurt and injured in their health, strength, and activity, sustaining injury to their body, nervous system, and person, all of which injuries have caused, and continue to cause Plaintiffs great mental, physical and nervous pain and suffering. Plaintiffs are informed and believe and thereon alleges that such injuries will result in some permanent disability and damage. As a result of such injuries, Plaintiffs have suffered general damages in an amount to be determined according to proof in a court of law.

21) As a further direct and proximate result of Defendants' negligence, and each of them, Plaintiffs have incurred and will continue to incur medical and related expenses. The full amount of such expenses is not known to Plaintiffs at this time, and Plaintiffs will move to amend this Complaint to state such amount when the same becomes known to him or on proof thereof.

## SECOND CAUSE OF ACTION: NEGLIGENCE
### (As Against All Defendants and DOES 1 through 50)

22) Plaintiffs incorporate herein Paragraphs 1 through 21 of this Complaint as though fully set forth at this point.

23) At all times mentioned herein, Defendants, and each of them, had and owed a duty of care to Plaintiffs.

24) On or about August 28, 2021, at about 4:30 pm, Defendants breached said duty of due care, when they knew of, and allowed the air conditioning unit to leak water on the tile floor of the premises and to allow the hazardous wet floor to remain in an unsafe condition without properly notifying Plaintiffs and others. Defendants, and each of them, further breached their duty of due care by carelessly and negligently owning, operating, maintaining and controlling the premises, so

that such area was dangerous and unsafe for use by the public including Plaintiffs herein.

25) Defendants and DOES 1 through 50 owed a duty to Plaintiffs and its guests to ensure that its lodgings and premises do not pose unreasonable harm to Plaintiffs and its guests. Defendants owed a duty to Plaintiffs and the public to ensure that its premises was safe for Plaintiffs and the public.

26) Defendants and DOES 1 through 50 breached their duty owed to Plaintiffs and the public by failing to inspect, warn, cure or prevent the air conditioning unit from leaking water and causing the tile floor from becoming a slip hazard. They failed to properly maintain and secure their property which caused the ground to be wet causing both Plaintiffs to slip and sustain severe injuries. Defendants breached their duty owed to Plaintiffs and the public by failing to provide a safe premises for Plaintiffs and its guests.

27) Defendants and DOES 1 through 50 breached their duty owed to Plaintiffs and the public by failing to maintain and repair hazardous conditions within its premises. Specifically, Defendants failed to take reasonable measures to repair the damaged air conditioning unit which had been leaking water on the tile floor within Plaintiffs' room causing the tile to be wet and created a slip hazard to persons using the room, including Plaintiff.

28) As a proximate result of Defendants' negligence, and each of them, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their body and shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs great mental, physical, and nervous pain and suffering and Plaintiffs are informed and believe and thereon alleges that such injuries will result in some permanent disability to them. As a result of such injuries, Plaintiffs have suffered general damages in an amount to be determined according to proof in a court of law.

29) As a further proximate result of Defendants' negligence, and each of them, Plaintiffs have incurred and will continue to incur medical and related expenses. The full amount of such expenses is not known to Plaintiffs at this time, and Plaintiffs will move to amend this Complaint to state such amount when the same becomes known to them or on proof thereof.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand and reserve all rights to have this matter tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants, and each of them:

1. For economic damages in an amount according to proof as provided by the applicable law, together with interest thereon at the legal rate;
2. For noneconomic damages in an amount according to proof as provided by the applicable law, together with interest thereon at the legal rate;
3. For costs of suit incurred herein;
4. For loss of income incurred and to be incurred according to proof;
5. For interest provided by law; and
6. For such other and further relief as the Court may deem just and proper.

Dated:   January 5, 2022                KHASHAYAR LAW GROUP

_Daryoosh Khashayar_
Daryoosh Khashayar, Esq.
Attorneys for Plaintiffs,
SANDRA NOBLE and
ALBERT NOBLE

**COMPLAINT FOR DAMAGES**